**Toni DEXTER, Petitioner,**

v.

**Arthur L. RAKESTRAW, Judge of the District Court of Oklahoma County, Judicial District Number Seven, Respondent.**

**No. 52608.**

Supreme Court of Oklahoma.

Aug. 3, 1978.

Steven A. Novick, Oklahoma City, for petitioner.

Theresa L. Bohman, David Hardwicke, Asst. Dist. Atty., Oklahoma City, for respondent.

### MEMORANDUM DECISION BY ORDER GRANTING WRIT OF HABEAS CORPUS

WILLIAMS, Acting Chief Justice.

Petitioner, Toni Dexter, natural mother of Jeremiah Dexter, age four years, brings original application to this court for Writ of Habeas Corpus to require Respondent, Honorable Arthur Lory Rakestraw, Judge of the District Court of Oklahoma County, to deliver to her the custody of her infant son.

Upon presentation and hearing of the Writ of Habeas Corpus, the proof shows that Jeremiah Dexter was removed from Petitioner's custody on May 30, 1978, pursuant to an ex parte pre-adjudicatory order issued that date by Respondent and that on May 31, 1978, a petition was filed in the Juvenile Division of the District Court of Oklahoma County alleging that Jeremiah was a deprived child within the purview of the Juvenile Code. That Petitioner has filed and presented to Respondent two Motions to Accelerate the Adjudicatory Hearing but Respondent has denied same and Respondent has scheduled the adjudicatory hearing for August 21, 1978. That Jeremiah is this date still held away from Petitioner's custody by virtue of the May 30, 1978, pre-adjudicatory order and will be so held by Respondent's order until the adjudicatory hearing is held August 21, 1978.

Title 10 O.S.Supp.1977, § 1104.1(A) provides that no preadjudicatory custody order may remain in force and effect for any period of time in excess of sixty days [1] and that May 30, 1978, to August 21, 1978, is in excess of eighty days but Respondent will not comply with the plain requirements of § 1104.1(A) upon the grounds that the court dockets are crowded and the statute is unconstitutional as it fails to adequately protect children alleged to be deprived.

It is the opinion of this court that 10 O.S.Supp.1977, § 1104.1(A) is constitutional, [*York v. Halley*, Okl., 534 P.2d 363 (1975)], and that crowded court dockets do not relieve judges from their responsibility of holding adjudicatory hearings within the time established by law (*York v. Halley*, supra).

On the day of this hearing, August 3, 1978, Petitioner has been deprived of the custody of her son for sixty-five days pursuant to Respondent's pre-adjudicatory order which exceeds the maximum time limitation placed upon such an order by 10 O.S. Supp.1977, § 1104.1(A). It is therefore the holding of this court that Petitioner is de-

---

1. "A. No pre-adjudicatory detention or custody order shall remain in force and effect for more than thirty (30) days, provided, however, that the court may, for good and sufficient cause shown, extend the effective period of such an order for thirty (30) days."

prived of her son unlawfully and in violation of her right to due process of law. It is accordingly the order of this court that Petitioner's prayer be granted and she be immediately restored the custody and care of her son, Jeremiah Dexter.

LET THE WRIT ISSUE.