In the Matter of CHRISTINA T. a Child Under 18 years of Age, To-Wit: 8 years.

No. 50645.

Supreme Court of Oklahoma.

Jan. 23, 1979.

Charles R. Hogshead, Tulsa, for appellant.

Donald Lee Ritter, Staff Atty. for the Dept. of Institutions, Social and Rehabilitative Services, State of Oklahoma, Oklahoma City, for appellee.

SIMMS, Justice:

The question for determination in this case is whether a juvenile court action brought to adjudicate a child dependent and neglected may be decided on motion for summary judgment.

Appellant is the natural father of Christina and he brings this appeal from the trial court's sustention of the state's motion for summary judgment against him which adjudicated Christina a dependent and neglected child and declared her a ward of the court.

The relevant facts are these. Appellant and Christina's mother were divorced in 1973 and Christina's custody was placed with her mother. In 1974, appellant was convicted of burglary and sentenced to imprisonment for a period of ten years. He has been incarcerated since 1974 and remains in prison as of this date. In 1975 Christina was placed in the temporary custody of appellee, Department of Institutions, Social and Rehabilitative Services (Department), while an action was pending in juvenile court to terminate her mother's parental rights. On October 13, 1976, the juvenile court entered an order in that action terminating the mother's rights to Christina. The October 13 order is final and is not involved in this action. Christina has been in appellee's custody since that time. Appellant was not a party to that proceeding and no findings were made as to his rights to Christina. On October 29, 1976, a petition was filed in the Juvenile Division of the Tulsa County District Court in case number JFJ–75–213 alleging Christina to be a dependent and neglected child by reason of appellant's imprisonment and failure to provide support for her since she was placed in foster care. Summons and notice were served on appellant.

The state then served interrogatories on appellant concerning his criminal record, imprisonment history and support of Christina. Appellant demurred to the petition and objected to the interrogatories but the trial court overruled his objections and ordered him to answer them; which he did.[1]

---

1. The question of whether interrogatories are proper in a juvenile action is not part of this appeal, and we do not address it.

Subsequently the state filed its motion for summary judgment[2] asserting that there was no factual dispute among the parties, that appellant had not denied the allegations of the petition but had only demurred to the petition, that the state could document the uncontroverted truth of the allegations, and that there was no dispute of a material fact which could reasonably be considered by the trier of fact. The state prayed that the trial court therefore grant its motion and declare Christina a dependent and neglected child as to her father and make her a ward of the court.

Appellant objected to the use of summary judgment arguing that he and Christina would be deprived of constitutional and substantial statutory rights, including an opportunity to be heard and the right to a jury trial. Appellant argued that summary judgment was unauthorized in a juvenile proceeding and that substantial questions of fact remained to be determined.

The trial court entered its order finding that summary judgment should apply to juvenile actions, that appellant would not be deprived of a jury trial by such procedure and that upon the uncontroverted facts before the court the court would be required to direct judgment for the state. The court therefore granted the motion, adjudicated Christina a dependent and neglected child and placed her custody with the Department.

On appeal, appellant contends that the trial court erred in granting the State's motion for summary judgment; that the procedure is not authorized by the juvenile code and is in fact repugnant to its provisions which secure for parent and child the constitutional right to be heard before any restraint is imposed upon their highly protected relationship. Appellant submits that he and Christina were denied due process of law by the trial court's action as they had no opportunity to be heard, and that appellant was deprived of his right to a jury trial. The juvenile court, appellant argues, is prohibited by constitution and statute from granting judgment prior to an evidentiary hearing, and allowing such procedure here circumvented both the spirit and the letter of the law and amounted to judgment by presumption against him. Appellant contends that there were vital fact questions remaining to be resolved and he prays that this action be reversed and remanded so that those determinations can be made after evidence has been presented.

■■■ Summary judgment is not applicable to juvenile proceedings. Our statutes and this Court's past decisions make it absolutely clear that a hearing on a juvenile petition is mandatory.[3] This is, as we have stated on many occasions, a matter of highest constitutional magnitude for the fundamental integrity of the family unit which has found protection in the Due Process and Equal Protection Clauses of the Fourteenth Amendment and the Ninth Amendment, may not be intruded upon without affording parent and child due process of law. "The fundamental requisite of due process is the right to be heard. [citations omitted] The hearing required by the Due Process

**2.** Rule 13, 12 O.S. Ch. 2 App. provides: "A party may move for judgment in his favor on the ground that the depositions, admissions, answers to interrogatories, and affidavits on file, filed with his motion or subsequently filed with leave of court show that there is no substantial controversy as to any material fact. The adverse party may file affidavits and other materials in opposition to the motion. The affidavits which are filed by either party shall be made on personal knowledge, shall show that the affiant is competent to testify as to the matters stated therein, and shall set forth facts that would be admissible in evidence. The court shall render judgment if it appears that there is no substantial controversy as to any material fact and that any party is entitled to judgment as a matter of law. If the court finds that there is no substantial controversy as to certain facts or issues, it shall make an order specifying the facts or issues which are not in controversy and direct that the action proceed for a determination of the facts or issues. * * * "

**3.** See the following sections of Title 10, Oklahoma Statutes: 1101(f); 1104; 1105; 1106; 1109; 1110; 1111; 1113; 1114; 1115. See e. g., *In re Wright*, Okl., 524 P.2d 790 (1974); *York v. Halley*, Okl., 534 P.2d 363 (1975); *Matter of Schatz*, Okl., 560 P.2d 183 (1977); *Dexter v. Rakestraw*, Okl., 583 P.2d 504 (1978).

Clause must be 'meaningful' [citation omitted] and 'appropriate to the nature of the case' [citation omitted]. These requisites are all the more important when the judicial procedure concerns the continuance of the parent-child relationship." *York v. Halley, supra, at 365.*

■ The trial court's sustention of the state's motion for summary judgment deprived appellant and his minor daughter of their rights to due process of law.

■ Juvenile actions are not, and were never intended to be, the sort of proceeding capable of resolution upon a flurry of pleadings. No answer to the petition is required.[4] The petition is deemed controverted in all respects upon its filing because the legal presumption is that the best interests of children are served by their parents.[5] The burden of proving otherwise is on the petitioner seeking to interrupt and restrict that relationship.[6]

In the instant action the presumption in favor of appellant was cast aside and the state was entirely relieved of its burden of proof; no evidence has ever been presented in support of the state's petition to adjudicate Christina a dependent and neglected child as to her father.

It may be true that appellant will not be able to prevail in this action after evidence and testimony are presented. It may even be true that most parents in appellant's situation would be unable to defeat a proceeding brought to declare their children wards of the court; but that opportunity *must* be afforded.

As the Supreme Court of the United States pointed out in *Stanley v. Illinois*: "Procedure by presumption is always cheaper and easier than individualized de-

termination. But when, as here, the procedure forecloses the determinative issues of competence and care, when it explicitly disdains present realities in deference to past formalities, it needlessly risks running roughshod over the important interests of both parent and child. It therefore cannot stand." 405 U.S. at 656, 92 S.Ct. at 1215, 31 L.Ed.2d at 562.

Even if appellant could not assume immediate custody of Christina himself, he had the right to present evidence concerning suitable arrangements he had made for his child during his imprisonment. He may well be able to provide for the care and custody of Christina with relatives, friends or a private agency in a manner that would serve her interests better than would being made a ward of the court and placed in the custody of appellee.[7]

■ As appellant correctly argues, in the absence of extensive stipulation, the trial court was prohibited from deciding Christina's fate without testimony regarding these possibilities. Apart from the constitutional considerations discussed above, 10 O.S.1971, § 1114 plainly demands more than a finding regarding the truth of the petition's factual allegations: the court must additionally find that it is in the best interests of the child and the public that he or she be made a ward of the court.

The purpose of summary judgment is to avoid a useless trial and in a proper case it can be granted only when no substantial controversy exists as to material facts or issues and the moving party is entitled to judgment as a matter of law.[8] The very nature of juvenile proceedings renders the whole concept of summary judgment inappropriate and impermissible. We are not

---

4. 10 O.S.Supp.1977, § 1103.1(A). See also: *State ex rel. Brault v. Kyser*, Mo.App., 562 S.W.2d 172 (1978).

5. See, e. g., *Prince v. Massachusetts*, 321 U.S. 158, 64 S.Ct. 438, 88 L.Ed. 645 (1944); *In re Sweet*, Okl., 317 P.2d 231 (1957); *Roberts v. Biggs*, Okl., 272 P.2d 438 (1954).

6. 10 O.S.1971, § 1113; See, e. g., *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d

551 (1972); *In re Sweet*, supra; *Roberts v. Biggs*, supra.

7. See, *Roberts v. Biggs*, supra; *In re Vilas*, Okl., 475 P.2d 615 (1970).

8. *Flick v. Crouch*, Okl., 434 P.2d 256 (1967); *Perry v. Green*, Okl., 468 P.2d 483 (1970); *Northrip v. Montgomery Ward & Co.*, Okl., 529 P.2d 489 (1974).

impressed, therefore, by appellee's reliance upon our statement in *Northrip v. Montgomery Ward & Co., supra*, that summary judgment is applicable to "all" civil actions. It is not applicable to juvenile actions, which are special statutory proceedings within the meaning of 12 O.S.1971 § 5.

The judgment granted in favor of the state is reversed and this matter is remanded for hearing in a manner not inconsistent with this opinion.

All the Justices concur.