**In the Matter of BETTY C. and Joseph C., Deprived Children.**

No. 54355.

Supreme Court of Oklahoma.

July 28, 1981.

J. Douglas Gabbard, II, Atoka, for appellants.

John K. Bounds, Asst. Dist. Atty., Choctaw County, Hugo, for appellee.

Vester Songer, Hugo, for minor children.

BARNES, Vice Chief Justice:

On May 16, 1979, the State of Oklahoma initiated a petition in the District Court of Choctaw County, Oklahoma, alleging that Joseph C., a newborn infant, and Betty C., five years old, brother and sister, were deprived children. On the same date, an emergency custody order was issued placing Joseph C. in the temporary custody of the Department of Institutions, Social and Rehabilitative Services (DISRS), now the Department of Human Services. Some time later, the mother and Betty C. moved from the house of the grandfather into the home of an aunt, pursuant to an agreement with Appellee. The mother and Betty C. lived with said aunt until early August, when the grandfather returned the mother and Betty C. to his trailer house. Betty C. remained there until the date of trial, October 8, 1979. The thirty-day emergency custody order expired and was extended on June 18, 1979, for a period of sixty days, pursuant to 10 O.S.Supp.1978, § 1104.1 A.[1] The infant, Joseph C., due to his medical condition, remained in foster care with medical supervision until the date of the trial. On August 7, 1979, Appellants filed a written demand for a jury trial, pursuant to 10 O.S.Supp.

1977, § 1110. Accordingly, the trial court set the matter on the next regularly scheduled jury docket for September 27, 1979. Prior to the trial, and on September 19, 1979, the Appellants filed a written motion for continuance, which was granted by the court.

The trial was held on October 8, 1979, and, pursuant to unanimous jury verdict, the court adjudicated Joseph and Betty C. deprived children and placed them in the temporary custody of the Department of Human Services.

The determinative issues on appeal are whether: (1) the court's holding of the trial by jury more than ninety days after the petition was filed was an abuse of discretion which rendered the adjudication void even though Appellants raised no objection concerning same and in fact requested a continuance of said trial date, and (2) whether the judgment of the court adjudicating the children deprived was supported by the evidence.

I.

■ On the same date that the petition in this matter was filed, May 16, 1979, an emergency custody order was entered which placed Joseph C. in the temporary care and custody of DISRS. The emergency custody order expired on Saturday, June 16, 1979, and was extended by the trial judge on Monday, June 18th, for a period of an additional sixty days, making a total of ninety days of emergency custody. During this period of time, Betty C. lived with her mother and aunt until August, 1979, when she returned, along with her mother, to the grandfather's home. Betty remained there until the date of the trial. The infant, Joseph C., remained in the custody of DISRS from the time of the emergency order until the date of trial, approximately one hundred and thirty days.

---

1. 10 O.S.Supp.1978, § 1104.1 A, provides:

"No preadjudicatory detention or custody order shall remain in force and effect for more than thirty (30) days, provided, however, that the court may, for good and sufficient cause shown, extend the effective period of such an order for an additional period of sixty (60) days."

The record reflects that the Department of Human Services did not have custody of Betty C. prior to the date of the trial. The record further reflects that Appellants at no time raised the question of delay in having an adjudicatory hearing concerning the children. Nor did they utilize the remedies available, whether by habeas corpus or mandamus, prior to trial.[2] Moreover, the availability of these remedies would only require a relinquishment of custody prior to trial and would not affect the jurisdiction of the court to adjudicate.

The record affirmatively shows that the Appellants went to trial without objection, and the remedy therefore available to Appellants, i. e., relinquishment of custody, is moot.[3]

### II.

 Mother and grandfather contend in their second proposition of error that the evidence presented was insufficient to warrant the adjudication of the children as deprived. The mother and grandfather contend that the children were taken away from them because the mother was retarded; they lived in a trailer house without electricity, and water was carried from a spring; the trailer house was dirty, filthy, and unsanitary; and that the mother had given birth to a baby in 1978 who lived only four months and died from severe dehydration. They claim that none of these reasons are a basis for a determination that the children were deprived.[4]

In determining whether a child is "neglected", the word "neglect" is defined as the disregard of duty owing to indifference or willfulness.[5] "Harm" must be shown in order to warrant governmental interference with a family unit.[6] The evidence concerning Betty C.'s rotted teeth, slow development, and emotional withdrawal shows actual or imminent harm to Betty C. The infant, Joseph C., showed signs at birth of neurological damage, and the testimony of the doctor was that the infant needed constant medical supervision. In addition, it was the unequivocal testimony of the mother, grandfather and aunt that they did not believe the child known as Joseph C., whom the Department of Human Services had in custody, was the same infant the mother delivered in the hospital, and they had ceased visiting the child and would not accept him in their home. Thus, Petitioners have in fact abandoned Joseph C.

We find that the judgment of the court is supported by more than sufficient evidence to show that the children were deprived.

AFFIRMED.

All Justices concur.

---

**2.** *Dexter v. Rakestraw*, 583 P.2d 504 (Okl. 1978).

**3.** See *J.A.M. v. State*, 598 P.2d 1207 (Okl.Cr. 1979).

**4.** *In Matter of Sherol A.S.*, 581 P.2d 884 (Okl. 1978).

**5.** *In re Vilas*, 475 P.2d 615 (Okl.1970); *In re Sweet*, 317 P.2d 231 (Okl.1957).

**6.** *In Matter of Sherol, supra.*