**In the Matter of the Parental Rights to EB.**

**ATB, Appellant (Respondent),**

**v.**

**DEPARTMENT OF PUBLIC ASSIST-ANCE AND SOCIAL SERVICES, SHERIDAN, WYOMING, Appellee (Petitioner).**

**No. C–90–1.**

Supreme Court of Wyoming.

Aug. 20, 1990.

J. John Sampson, Sheridan, for appellant.

Joseph B. Meyer, Atty. Gen., Peter J. Mulvaney, Deputy Atty. Gen., and Richard E. Dixon, Asst. Atty. Gen., for appellee.

Mark J. Murphy, Sheridan, guardian ad litem.

Before CARDINE, C.J.,* and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

URBIGKIT, Chief Justice.

In this appeal we address the question, posed by appellant, ATB (father), whether the district court erred in granting summary judgment in favor of appellee, Department of Public Assistance and Social Services (DPASS), upon its petition to terminate the father's parental rights vis-a-vis his son, EB (child). DPASS premised its petition to terminate the father's parental rights on allegations that the child had been left in the care of DPASS without provision for child support and without

communication from the father for a period of at least one year.[1] We reverse because the evidence in the record does not support the district court's entry of summary judgment.

Father states his issues thus:

I. The court erred in finding that there was no genuine issue of material fact on whether or not the minor child, [EB], had been left in the care of another person without provision for support and without communication from the absent parent for a period of one year, pursuant to Wyoming statute, Sec. 14-2-309(a)(i).

A. Did the appellant leave the minor child in the care of another person without provision for support and without communication from the appellant for a period of one year, as that standard is articulated in Wyoming statute, Sec. 14-2-309(a)(i)?

B. Did the court err in employing the standard for adoption without consent in a termination action against a non-custodial parent?

In response to these claims of error, DPASS asserts that occasional and trifling contributions to the support of a child do not create a genuine issue of material fact which precludes summary judgment. Further, DPASS asserts that the two telephone calls made from the father to the child's mother during the course of two years does not create a genuine issue of material fact as to the contention that the father left his child without communication for a period of at least one year.

The record reveals the following: A petition for termination of parental rights was filed in the district court on September 1, 1989, alleging that the child was left in the care of DPASS[2] without provision for sup-

---

* Chief Justice at time of expedited conference.

1. (a) The parent-child legal relationship may be terminated if any one (1) or more of the following facts is established by clear and convincing evidence:

   (i) The child has been left in the care of another person without provision for the child's support and without communication from the absent parent for a period of at least one (1) year. In making the above determination, the court may disregard occasional con-

tributions, or incidental contacts and communications;

   *  *  *  *  *  *

   (iv) The parent is incarcerated due to the conviction of a felony and a showing that the parent is unfit to have custody and control of the child.
W.S. 14-2-309.

2. The mother apparently intends to relinquish voluntarily her parental rights to the child, thus paving the way for adoption of the child. The

port of the child by the natural father and without communication from the natural father for a period of at least one year. On September 26, 1989, counsel was appointed to represent the father because he was indigent and incarcerated in the Hayes County Jail, San Marcos, Texas. On November 2, 1989, DPASS filed a motion for summary judgment. The motion asserted that the affidavit of the mother established there was no genuine issue of material fact. We quote the affidavit in its entirety:

## I

That I reside at 314 South Linden # 2, Sheridan Wyoming.

## II

That I have never received any child support from my ex-husband, [ATB]. [He] last saw our son, [EB], in October 1987. The only gift [ATB] has ever given [EB] is a sweatsuit for Christmas, 1987.

On June 16, 1989 I sent relinquishment forms by certified mail to [ATB] and requested that he voluntarily relinquish his parental rights. No answer has yet been received.

Further the Affiant saith [sic] not [sic].

The affidavit was signed on June 20, 1989.

■ In response to this affidavit, the father submitted his own affidavit which we shall summarize. The father was born on February 23, 1969. In October 1987, the mother left Texas with their child and went to Wyoming. The father did not become aware of the divorce decree, which required him to make child support payments, until November 1989. He claimed to have communicated with his wife about support of the child, but that on two occasions she told him not to send money and, that when he sent her $200 in February 1989, she returned the money to him. The father also claimed to have provided the child with a jacket and clothing, though no date for this contribution to the child's support is included in the affidavit which was signed by the father on December 4, 1989.

The father also claimed that the mother called his employer in Texas and made false accusations against him which resulted in him losing his job. The record also contains a social study done by DPASS, but that document contains only self-serving and likely inadmissable hearsay information received by DPASS from the mother, which has no value in testing the validity of the summary judgment. The evidence does not demonstrate the age of the child, but we are able to glean from the record that he was just eleven days short of being three years old when the petition was filed.

■ In determining the propriety of any summary judgment, this court examines the record in the light most favorable to the respondent, giving him or her the benefit of all inferences which can properly and reasonably be drawn from the evidence. *Smith v. Ensley,* 752 P.2d 1374, 1376 (Wyo.1988); *Cordova v. Gosar,* 719 P.2d 625, 640 (Wyo.1986). This case presents something of a mixed case under the *Cordova,* six-stage, summary judgment analysis. *Id.* at 634. However, our initial concern is with stage three and the substantive sufficiency of the mother's affidavit which was the only evidence filed in support of the motion. That affidavit does not contain the sort of grist that the termination of parental rights mill requires. *See Matter of SKJ,* 673 P.2d 640, 642 (Wyo. 1983). The affidavit says only that the mother never received any support from the father, but it does not say that none has ever been offered. It says that the father has not seen the child since October 1987, but it does not say that the father has refused and/or neglected to see his child despite knowing his whereabouts or that the father was able to visit his child and did not do so. In summary, when viewed most favorably to the father, the mother's affidavit fails to establish *any* of the elements necessary for termination of a parent's rights under W.S. 14–2–309(a)(i).

■ More importantly, under *Cordova's* stage six analysis, the father's affidavit raises a number of factual issues, the reso-

record does not reflect that she has done so as of this writing. The mother placed the child

with DPASS which subsequently placed the child in foster care.

lution of which is necessary to the termination of parental rights. For instance, the father claims that he did not see the divorce decree until November, 1989. He claims that the mother asked him not to send money for the support of the child and, when he did send money, she returned it to him. The social study suggests that the mother was informed that if she received any support it would have to be reported to DPASS and would reduce her public assistance benefits. It is possible that the mother asked the father not to send money since she may have viewed the contributions to support of the child as merely complicating her status with DPASS without adding any real benefit to her and her child's life. Finally, there is no *evidence* to support DPASS's claim that the child was in its custody for any time period whatsoever (except for the social study which is not evidence in this case).[3] A close examination of the record reveals that one can only piece together what may have happened in this case by reference to the pleadings, correspondence in the file, the social study, and other extraneous nonevidentiary sources. One cannot discern much of anything about the case from the *evidence.*

Not only was the mother's affidavit insufficient on its face to justify a termination under W.S. 14–2–309(a)(i), but the father's affidavit put in issue virtually all the facts contained in the mother's affidavit. We note that this seems to be a case where the family left the father, not where the father left the family. The record indicates the father is incarcerated in Texas for serious crimes and that other serious criminal charges are still pending against him.[4]

■ Justification for a decision to terminate the parental rights by summary judgment encounters rules including the strict scrutiny standard because the funda-

mental liberty of familial association is first presented. *In Interest of J.G.*, 742 P.2d 770 (Wyo.1987); *TR v. Washakie County Dept. of Public Assistance and Social Services*, 736 P.2d 712 (Wyo.1987). Consequently, clear and convincing evidence is required which cannot be found to be detailed within the two paragraphs for sentence assertions for summary judgment of the affidavit with which we are presented here. *RW v. State ex rel. Laramie County Dept. of Public Assistance and Social Services*, 766 P.2d 555 (Wyo.1989), Thomas, J. and Urbigkit, J., specially concurring; *DS v. Department of Public Assistance and Social Services*, 607 P.2d 911 (Wyo.1980). Furthermore, since this is a summary judgment, the review in the most favorable light standard is not available for affirmation of the district court decision. *Matter of Christina T.*, 590 P.2d 189 (Okl. 1979). *Cf. Matter of Adoption of JLP*, 774 P.2d 624 (Wyo.1989), Urbigkit, J., dissenting.

The judgment of the district court is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.

---

**3.** The written but unsworn social study was "filed" by DPASS on the day of the hearing for the summary judgment, December 11, 1989. Neither litigant argues that it had evidentiary weight in the district court's decision since it was neither timely nor in admissible form as testimony under oath. *Matter of Estate of Obra,* 749 P.2d 272 (Wyo.1988); *Low v. Sanger,* 478 P.2d 60 (Wyo.1970).

**4.** An allegation made pursuant to W.S. 14–2–309(a)(iv) (incarceration after conviction of a felony) was included in an amended petition filed on October 31, 1989, but was not adjudicated in the district court.