In the Matter of the ADOPTION OF SLS and CRS.

CAS, Appellant (Respondent),

v.

EWM and LMM, Appellees (Petitioners).

No. C–90–5.

Supreme Court of Wyoming.

March 29, 1991.

John A. Masterson, Casper, for appellant.

Eric Distad, Casper, for appellees.

Before THOMAS, CARDINE and GOLDEN, JJ., and RAPER and BROWN, Ret. JJ.

BROWN, Justice, Retired.

In this appeal, we review an order of the district court which terminated the parental rights of the natural father of two minor children. The termination was based upon his failure to have provided support for those ·children for a period of one year.

We will vacate the order of the district court which terminated the parental rights of the natural father and remand to the

district court with directions that the petition filed in this case be dismissed.

This matter was initiated by the filing of a petition for termination of parental rights and petition for adoption on November 7, 1989. The prospective adoptive father and the children's mother alleged that the father had willfully failed or refused to contribute to the support of his minor children for a period of one year or more immediately prior to the filing of the petition. The petition did note a payment of $50.00 in February 1989 and a payment of $182.43 in October 1989. The petition was premised upon W.S. 1–22–110 (1977) (1988 Repl.) [1], W.S. 14–2–309(a)(iv) (1977) [2] and "other applicable Wyoming Statutes." The natural father objected to the petition; however, an order was entered which had only the effect of terminating the natural father's parental rights. No decree of adoption was entered.

W.S. 1–22–110(a) provides in pertinent part:

> (a) In addition to the exceptions contained in W.S. 1–22–108, the adoption of a child may be ordered without the written consent of the parents or putative father if the court finds that the nonconsenting parent or putative father is unknown and the affidavit required by W.S. 1–22–109(a)(iv) has been filed with the petition to adopt or if the court finds that the nonconsenting parent or putative father has:
>
> *   *   *   *   *   *
>
> (iv) Willfully failed to contribute to the support of the child for a period of one (1) year immediately prior to the filing of the petition to adopt[.]

W.S. 14–2–309(a)(i) provides:

> (a) The parent-child relationship may be terminated if any one (1) or more of the following facts is established by clear and convincing evidence:
>
> (i) The child has been left in the care of another person without provision for the child's support and without communication from the absent parent

---

1. This statute was amended effective July 1, 1990 (see 1990 Supp.), but the version in effect at the time the petition was filed governs in this case.

2. We must assume this to be a mistaken citation and that the mother and adoptive father intended to rely on W.S. 14–2–309(a)(i) (1977) (Jul. 1986 Pamp.).

for a period of a least one (1) year. In making the above determination, the court may disregard occasional contributions, or incidental contacts and communications[.]

We will not set out the arguments of the parties in detail. Suffice it to say that the issues raised dealt with sufficiency of the evidence, the best interests of the children, and the discretion of the district court to grant or deny the termination of parental rights. Because we have identified a fatal procedural flaw, it will not be necessary to address these issues.

■■■■ The district court's order was not clear as to which of the above-cited statutes it relied upon. In a matter as important as the termination of a parent's rights to his natural children, at least a degree of clarity which identifies the statute employed to terminate those rights is expected by this court. It would appear that the district court could not have relied on W.S. 14–2–309(a)(i) because, even though there was evidence that the natural father had not made child support payments for some time, the record also reflected that he visited his children regularly. During those regular visits the father and mother discussed the father's failure to make child support payments. W.S. 14–2–309(a)(i) requires a tandem finding of lack of support and lack of communication. See *Matter of EB*, 795 P.2d 1212, 1214 (Wyo.1990). Moreover, the petition filed was one that sought termination of the natural father's rights to his children and adoption by the prospective adoptive father. Such an adoption could only be achieved through W.S. 1–22–110. Thus, we conclude the district court relied upon W.S. 1–22–110 for the source of his jurisdiction to terminate the natural father's parental rights. W.S. 1–22–110 does not provide for termination of parental rights; rather, it provides for adoption without consent under the conditions set forth in that section. However, the final

order is not at all consistent with that statute, or W.S. 1–22–111, because no disposition of the petition for adoption is made. Moreover, the evidence shows that the father paid child support with absolute regularity from April 1986 until November of 1988. The petition alleges, and W.S. 1–22–110 requires, that the father failed to provide support for "one (1) year immediately prior to the filing of the petition to adopt." The father first became delinquent on December 1, 1988 or a reasonably short time thereafter. One year of failure to contribute to the support of the children did not occur until December 1, 1989. Thus, the petition filed on November 7, 1989, was premature.[3] Adoption statutes are strictly construed and strict adherence to statutory procedures is required. *Matter of Adoption of AMD*, 766 P.2d 550, 552–53 (Wyo.1988). Under these circumstances, we must vacate the order of the district court and remand with directions that the petition be dismissed.

Reversed and remanded with directions that the petition be dismissed.

---

**3.** Appellees' argument with respect to the timeliness of their petition is superficial. Apparently, their theory is that since appellant's last full payment was made November 4, 1988, and the petition to terminate was filed November 7, 1989, their petition was timely—it having been filed one year and three days after the last support payment. The flaw in appellees' theory is that the November 4, 1988 support payment satisfied appellant's support obligation until December of 1988. The one-year period of nonsupport did not begin to run against appellant until December of 1988. The filing of the petition to adopt without consent was at least three weeks premature.