In the Interest of SVG, a Minor Child.

**TG, a/k/a TK, Appellant (Respondent),**

v.

**Marianne LEE, Director of Natrona County Department of Public Assistance and Social Services, Appellee (Petitioner).**

**No. C–91–7.**

Supreme Court of Wyoming.

Feb. 4, 1992.

James A. Raymond of Brown, Raymond & Rissler, P.C., Casper, for appellant.

Joseph B. Meyer, Atty. Gen., Michael Lee Hubbard, Sr. Asst. Atty. Gen., and Richard E. Dixon, Asst. Atty. Gen., for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

URBIGKIT, Chief Justice.

This appeal follows our recent decision in *In Interest of DG*, 825 P.2d 369 (Wyo.1992) in again requiring us to address jurisdictional requirements to terminate parental rights to a very young child. The utilization of summary judgment for the parental rights termination action presents an additional issue in this appeal.

We reverse.

## I. ISSUES

Stated as issues by appellant are:

#### I.

Whether the order terminating appellant's parental rights is void because the case was filed by Marianne Lee, Director

of DPASS, and not by an attorney authorized to practice law in this state.

## II.

Whether the court erred in granting summary judgment.

## III.

Whether the district court's order should be reversed because the district court did not make specific findings as to the grounds for termination of appellant's parental rights.

We add the dispositive problem addressed in *In Interest of DG* of the lack of jurisdiction because of the failure to secure proper service of process. *Gookin v. State Farm Fire & Casualty Ins. Co.*, 826 P.2d 229 (Wyo.1992); *Interest of DG*, 825 P.2d 369 (Wyo.1992).

## II. FACTS

This a parental termination case for a baby boy who has been, essentially since his birth, in the custody of the Natrona County Department of Public Assistance and Social Services, now known as the Department of Family Services (Agency). After passing his second birthday in Agency maintenance, a petition for termination of the mother's parental rights was filed. The father had earlier given the Agency a consent to termination and adoption. The petition was filed pro se by the Agency director while the mother was then living in Arkansas. The mother, when receiving telephone notice from her former mother-in-law about her possible parental rights termination, objected to service of process. She first participated individually in the termination proceeding by filing a resistance to the termination and then, through appointed counsel, followed with an affidavit to oppose the entry of summary judgment against her. However, summary judgment was granted and the mother now appeals from that order.

## III. LEGAL QUESTIONS PRESENTED

### A. *Petition Filed Pro Se by the Agency Director*

This subject has been dispositively considered in *In Interest of DG*. Since other reasons for reversal exist, we do not now determine whether the result is jurisdictional which would void the proceeding or, conversely, whether plain error would require reversal for this case. *Cf. In Interest of DG*, 825 P.2d 369 (Wyo.1992).

### B. *Service of Process*

We are again required to examine the service of process for this parental termination case to determine whether the trial court ever achieved jurisdiction. *Gookin*, 826 P.2d 229 (Wyo.1992); *Goss v. Goss*, 780 P.2d 306 (Wyo.1989); *Midway Oil Corp. v. Guess*, 714 P.2d 339 (Wyo.1986). The problem is similar, but the events not identical, to *In Interest of DG* in petitioner's failure to comply with W.R.C.P. 4.

On November 15, 1990, the petition for termination was filed pro se by the Agency director. A stated date for a hearing of January 30, 1991 at 8:00 a.m. was included in the petition. A guardian ad litem for the child was appointed on November 16, 1990, and the office of the district attorney entered an appearance for the Agency twelve days later by the execution of a precipe for a summons. On the day the precipe was filed and the summons issued, November 28, 1990, the district attorney's office filed an affidavit which stated:

COMES NOW the State of Wyoming, by and through * * *, Assistant District Attorney, and informs the Court that service of summons, petition and notification cannot be made on [the mother], natural mother of the minor child, * * *, within the State of Wyoming. That attempts of service on [the mother] at her last known address of 804 South Lincoln, Casper, Wyoming, *were unsuccessful.* FURTHER that attempts to locate [the mother] by reasonable diligence of the Natrona County District Attorney's Office has produced negative results in locating her.

THEREFORE, the State of Wyoming informs the Court that pursuant to W.S. § 14-2-313(b), service by publication to terminate the parental rights of [the mother] will be undertaken in accordance with the provisions of the Wyoming Rules of Civil Procedure 4(e), 4(f), 4(g) and 4(h), as said [mother] is not presently known to be a resident of the State of Wyoming nor is said [mother's] residence known at the present time to the State of Wyoming, FURTHER, the State of Wyoming requests that the Clerk of District Court make provision to obtain service on the natural mother by publication.

(Emphasis added.)

On the same day, service of process was commenced with preparation and filing of a notice which was then published in a county newspaper of general circulation on December 2, 9, 16 and 23, 1990, stating in published text:

TO: [The Mother]

LKA: 804 South Lincoln, Casper, Wyoming

YOU ARE HEREBY NOTIFIED * * * You are required to appear at the hearing on this matter which has been scheduled for January 30, 1991, at 8:00 a.m. You are further notified that failure to make answer to the Court in this matter within thirty (30) days [of] the last date of this publication will result in judgement by default being entered against you and your right to said minor child forever terminated.

A summons was also issued on November 28, 1990, which designated the sheriff to serve it, was then returned for filing on December 31, 1990, and included the following as its return:

I, _____, Sheriff in and for said County of Natrona, in the State aforesaid, do hereby certify that I received the within Summons, together with a copy of the Petition filed in the above entitled matter, and that I served the same in the County aforesaid on the _____ day of _____, 19___, by delivering a copy of the same, together with a copy of the Petition to [the moth-er], 804 S. Lincoln[,] Casper, Wyoming 82601[.]

*After due and diligent search we were unable to locate [the mother], in Natrona County, Wyoming 12-27-90. MOVED no For[ ]warding.*

Ronald L. Ketchum[,] Sheriff

By ___[Signature] [,] Deputy Sheriff

In response to the published notice, the mother sent a letter dated January 17, 1991 to the district court with copies to the assistant district attorney and guardian ad litem:

I am the natural mother of * * * and I have been told by my former mother-in-law who lives in Casper, Wyoming that a notice was filed in the newspaper in an effort to terminate my parental rights.

*I do not want my parental rights terminated.* I want my child back. I want the opportunity to present my side in court, but I need the court to appoint an attorney for me. I have not been served properly with any papers and would request that I be served at the above address.

This matter is set for a hearing before you on Wednesday, January 30, 1991, at 8:00 A.M. I would respectfully request a continuance from that date in order [to] secure an attorney and allow that attorney time to prepare a defense on my behalf. I would respectfully request that you appoint an attorney for me, and I would respectfully request that proper service be made on me.

Thank you very much for your consideration.

(Emphasis in original.)

A pleading response was filed on January 23, 1991, which stated:

IN THE INTEREST OF
[SVG]

CIVIL NO. 66663

RESPONSE

Comes the natural mother of [SVG], * * *, and for her Response to the published notice to terminate her parental rights, and states as follows:

1. I have been notified that a notice has been published in an effort to terminate my parental rights, but I have not been properly served with any papers.

2. I do not want my parental rights terminated. I want my child.

WHEREFORE, the natural mother prays that her parental rights *not* be terminated, that she be restored the custody of her child, and that she be properly served with all documents relating to this action, and for all other proper relief.

* * * Natural Mother
115A Jessie Turner Terrace
Van Buren, AR 72956
* * *

[Signature]
[The Mother], pro se
(Emphasis in original.)

Included with the filing was a request for the appointment of an attorney and a pro se motion for continuance, which also stated in part:

1. The above-styled matter has been set for hearing on the termination of my parental rights on Wednesday, January 30, 1991, at 8:00 A.M.

2. I have not been properly served with process and therefore do not know what the allegations are against me.

3. I do not have an attorney and have asked the court to appoint one for me. If the Court does appoint an attorney to represent me, my attorney will need sufficient time to prepare a defense on my behalf.

4. I live in the State of Arkansas and I need time [to] arrange transportation to the State of Wyoming.

■ On the date of the trial court's receipt of the three documents, the letter, response and motion, an attorney for the mother was appointed who, two days later, followed the previous filings with a demand for trial by a jury. In April, the Agency followed these pleadings with a motion for summary judgment which was thereafter granted based on the supporting and resistive affidavits. The record examination reveals that, as a response to the petition, every pro se filing by the mother included efforts to contest the adequacy of service of process. Consequently, that issue is now clearly presented as a viable appellate issue and no waiver can be interposed. *Gookin*, 826 P.2d 229 (Wyo.1992); *In Interest of DG*, 825 P.2d 369 (Wyo.1992); *Colley v. Dyer*, 821 P.2d 565 (Wyo.1991).

W.R.C.P. 4(f), (g) and (h), which provides the Wyoming rule for substitution of service by publication, require:

(f) * * * Before service by publication can be made, an affidavit of the party, his agent or attorney, must be filed stating that service of a summons cannot be made within this state, on the defendant to be served by publication, and stating his address, if known, or that his address is unknown and cannot with reasonable diligence be ascertained * * *. In any case in which service by publication is made when the address of a defendant is known, it must be stated in the publication. Immediately after the first publication the party making the service shall deliver to the clerk copies of the publication, and the clerk shall mail a copy to each defendant whose name and address is known by registered mail with return receipt requested, directed to his address named therein, and make an entry thereof on the appearance docket.

In all cases in which a defendant is served by publication of notice and there has been no delivery of the notice mailed to him by the clerk, the party who makes the service, his agent or attorney, at the time of the hearing and prior to entry of judgment, shall make and file an affidavit stating the address of such defendant as then known to him, or if unknown, that he has been unable to ascertain the same with the exercise of reasonable diligence. Such additional notice, if any, shall then be given as may be directed by the court.

(g) * * * The publication must be made by the clerk for four (4) consecutive weeks in a newspaper published in the county where the complaint is filed * * *.

(h) * * * Service by publication shall be deemed complete at the date of the

last publication, when made in the manner and for the time prescribed in the preceding sections; and such service shall be proved by affidavit.

In this case: (1) a copy of a notice was not delivered to the clerk for mailing; (2) lacking delivery of the notice, the second affidavit was not filed; and (3) service was not proved by affidavit.

The requirement for litigant diligence in an effort to secure a proposed defendant's address is not illusory. It is real and absolute. Sincere efforts must be made. *Colley*, 821 P.2d 565; *Midway Oil Corp.*, 714 P.2d 339; *Emery v. Emery*, 404 P.2d 745 (Wyo.1965); *National Supply Co. v. Chittim*, 387 P.2d 1010 (Wyo.1964); Note, *Due Diligence Required for Service of Publication*, 9 Wyo.L.J. 69 (1954). Passing the coincidence that the affidavit which was filed presupposed what would happen when the sheriff apparently attempted service a month later, this record, as it comes to this court, provides strong indication that due diligence by the Agency or its counsel could have produced an address. The address of the mother's family in Van Buren, Arkansas was known. The name of the child's paternal grandmother was also well known to the Agency and that person obviously knew how to contact the mother since, when she saw the publication, she did forward the information. Additionally, the mother states in affidavit:

[The Agency representative] states that I could not be reached so they placed my baby in foster care. They had my mother's telephone number. Th[ey] knew that Vince was my husband and knew how to get in touch with me. They did nothing to attempt to contact me and misled the court in stating that I could not be reached. I could be reached; they just didn't try. I had been in Arkansas a month when the State took my child from me. They didn't try to notify me of anything. I did not receive any notice that I was losing my baby.

Furthermore, she stated in other paragraphs of the affidavit that she had retained regular contact with the baby's paternal grandmother who then "told me that there was notice in the newspaper seeking to terminate my parental rights. That's when I immediately wrote to the court and told them that I do not want my parental rights to [SVG] terminated."

I did not abandon my son, * * *, nor leave him in the care of another person without provision for his support and without communication for at least one (1) year. I called [the baby's paternal grandmother] regularly and was misled about the circumstances of [SVG's] custody. I had thought [SVG] was with his father and my husband. Is it the law that a parent who leaves their child with the other parent has abandoned that child? I have not neglected nor abused my child, nor has there been any judicial determination that I did. No one has made any attempt to rehabilitate the family nor have I refused rehabilitative treatment.

We need not attempt a factual determination on this aspect of service since substantial compliance with other requirements—service by publication under W.R.C.P. 4—is not demonstrable in this record. Furthermore, it is hard to understand why, in January 1991, when objection to service of process was made a matter of record by the mother, that personal service in Arkansas was not pursued, assuming appointed counsel and the mother would not accept service or waive the inadequacies of the prior efforts to secure service by publication as a matter of written documentation formally filed in the record.

Lacking substantial compliance with the requirements of W.R.C.P. 4, the trial court never obtained jurisdiction to determine the termination of parental rights petition. *Gookin*, 826 P.2d 229 (Wyo.1992); *In Interest of DG*, 825 P.2d 369 (Wyo.1992); *Goss*, 780 P.2d 306; *Midway Oil Corp.*, 714 P.2d 339.

C. *Summary Judgment in the Absence of Specific Findings of Grounds for Termination of the Mother's Parental Rights*

Findings of fact creating the basis for termination were clearly not provid-

ed in the order granting summary judgment. The statute which recites the grounds for termination states:

(a) The parent-child legal relationship may be terminated if any one (1) or more of the following facts is established by clear and convincing evidence:

(i) The child has been left in the care of another person without provision for the child's support and without communication from the absent parent for a period of at least one (1) year. In making the above determination, the court may disregard occasional contributions, or incidental contacts and communications;

(ii) The child has been abandoned with no means of identification for at least three (3) months and efforts to locate the parent have been unsuccessful;

(iii) The child has been abused or neglected by the parent and efforts by an authorized agency or mental health professional have been unsuccessful in rehabilitating the family or the family has refused rehabilitative treatment, and it is shown that the child's health and safety would be seriously jeopardized by remaining with or returning to the parent;

(iv) The parent is incarcerated due to the conviction of a felony and a showing that the parent is unfit to have the custody and control of the child.

W.S. 14-2-309 (1986). Then, for the order, the statute requires:

The order terminating the parent-child legal relationship shall be in writing and shall contain the findings of the court. If the court terminates the parent-child legal relationship of either one (1) or both parents, it shall fix the responsibility for the child's support and appoint a guardian of the child's person or estate or both.

W.S. 14-2-315 (1986).

The dispositive order and decree entered in this case from which this appeal is taken provided:

THIS MATTER having come before the Court on June 18, 1991, the Petitioner appearing through * * *, Assistant District Attorney, the child being represented by the Guardian Ad Litem, * * *, and the respondent having appeared through the person of her attorney, * * *, and the Court having before it the State's Motion For Summary Judgment and Affidavit[ ]s in support thereof, and the Affidavit of the Respondent in opposition to the Motion for Summary Judgment and the Court having reviewed the motion and affidavit[ ]s and heard the argument of counsel and having considered the matter fully, hereby FINDS that there exists no issue of material fact as to whether grounds of the termination of the parental rights of [the mother] exist and that therefore the Petitioner's Motion for Summary Judgment should be and is hereby GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that pursuant to said ruling the parent and child relationship between [SVG] with a date of birth of May 5, 1988, and [the mother], be, and is hereby terminated and severed forever and that the permanent care, custody, and control of the minor child shall be placed with the Department of Family Services for adoptive placement.

DATED THIS 27th day of June, 1991.

Clearly, that decision provided no factual basis, defined within the strict scrutiny standard of clear and convincing evidence, for the decision that was made. *Matter of EB*, 795 P.2d 1212 (Wyo.1990). The substantial compliance with the termination statute is required. *In re Adoption of Strauser*, 65 Wyo. 98, 196 P.2d 862 (1948); *Nugent v. Powell*, 4 Wyo. 173, 33 P. 23 (1893).

■ Since the present adequacy of actual findings will be resolved after retrial, we are left with the procedural appropriateness of the summary judgment decision for the termination of parental rights. *Matter of Adoption of JLP*, 774 P.2d 624 (Wyo. 1989). The test of strict scrutiny and clear and convincing evidence required to be met in the parental termination renders the appropriate category of cases for summary judgment application to be, at most, significantly limited. *Matter of EB*, 795 P.2d

1212. This court has not determined that summary judgment cannot ever be appropriate in the proper case, see for example *Matter of Adoption of JLP*, 774 P.2d 624, where all of the historical facts were uncontroverted. However, where the petition is appropriately and diligently contested, summary judgment is seldom to be the procedural answer for parental rights termination. *Matter of EB*, 795 P.2d 1212; *In Interest of F.H.*, 283 N.W.2d 202 (N.D. 1979); *Matter of Christina T.*, 590 P.2d 189 (Okl.1979).

■ In any event, summary judgment was not appropriately granted in this case. The affidavit of the mother raises a clear factual conflict which renders that summary disposition unavailable to determine the fundamental interest of parental rights in a termination proceeding. The application not only crosses the parameters of the normal summary judgment standard, *Cordova v. Gosar*, 719 P.2d 625 (Wyo.1986), but then enters the particular problems of strict scrutiny and clear and convincing evidence required for parental rights termination. *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). *See also Herman & MacLean v. Huddleston*, 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983) and *Lassiter v. Department of Social Services of Durham County, North Carolina*, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640, *reh'g denied* 453 U.S. 927, 102 S.Ct. 889, 69 L.Ed.2d 1023 (1981). "Proof by clear and convincing evidence is required 'where particularly important individual interests or rights are at stake,' such as the termination of parental rights, involuntary commitment, and deportation." *Weiner v. Fleischman*, 54 Cal.3d 476, 286 Cal.Rptr. 40, 816 P.2d 892, 898 (1991).

The strict scrutiny rule for termination of parental rights has uniformly been stated and assiduously applied in the opinions written by this court. *Matter of EB*, 795 P.2d 1212; *RW v. State ex rel. Laramie County Dept. of Public Assistance and Social Services*, 766 P.2d 555 (Wyo.1989), Thomas, J., specially concurring; *In Interest of J.G.*, 742 P.2d 770 (Wyo.1987); *Matter of GP*, 679 P.2d 976 (Wyo.1984); *Matter of SKJ*, 673 P.2d 640 (Wyo.1983); *Matter of Parental Rights of SCN*, 659 P.2d 568 (Wyo.1983); *Matter of Parental Rights of PP*, 648 P.2d 512 (Wyo.1982); *Matter of Adoption of CCT*, 640 P.2d 73 (Wyo.1982); *DS v. Department of Public Assistance and Social Services*, 607 P.2d 911 (Wyo. 1980); *Matter of Voss' Adoption*, 550 P.2d 481 (Wyo.1976). *See also Matter of Adoption of JLP*, 774 P.2d 624.

■ The mother should be given the right to testify in person, or at least by deposition, before losing her parental rights to her child. There is a factual and legal difference between abandonment and exclusion when termination of parental rights is at issue. *Matter of Juvenile Action No. S 624*, 126 Ariz. 488, 616 P.2d 948 (1980); *Matter of Christina T.*, 590 P.2d 189; *State v. Grady*, 231 Or. 65, 371 P.2d 68 (1962). *Cf.* Annotation, *Parent's Involuntary Confinement, or Failure to Care for Child as Result Thereof, as Evincing Neglect, Unfitness, or the Like in Dependency or Divestiture Proceeding*, 79 A.L.R.3d 417 (1977).

The evidentiary presentation of this case, as defined within the concepts of summary judgment and parental termination, could not justify the order entered when, as here, the mother denied abandonment, alleged exclusion, and strongly pursued her willingness and interest in retaining her parental rights. The factual conflict for jury resolution was overtly presented pursuant to W.S. 14-2-312 (1986), which provides in pertinent part:

> The Wyoming Rules of Civil Procedure, including the right of a parent, child or interested person to demand a jury trial, are applicable in actions brought under this act.

Finally, the requisite jury fee was paid. *Matter of GP*, 679 P.2d 976.

Reversed.