v.

**The STATE of Oklahoma, Appellee.**

**No. J–91–827.**

Court of Criminal Appeals of Oklahoma.

April 1, 1992.

Linda H. McGuire, Asst. Appellate Indigent Defender, Norman, for appellant.

Greg Jenkins, Asst. Dist. Atty., Durant, for appellee.

## OPINION

PARKS, Judge:

K.S.B., the fourteen (14) year old juvenile appellant, was adjudged a delinquent in Bryan County District Court, Juvenile Division, Case No. JFRC–91–124, based upon a finding that he committed the offense of Assault With a Dangerous Weapon (21 O.S.Supp.1982, § 645). Following the adjudicatory hearing, *see* 10 O.S.Supp.1990, § 1114, and upon appellant's request, this Court issued an unpublished order staying proceedings pending the disposition of this appeal. *K.S.B. v. State*, J–91–827 (Okl.Cr. Sept. 17, 1991).[1] We REVERSE the district court's order of adjudication.

The following evidence was produced at the adjudicatory hearing. On July 22, 1991, appellant and D.M.B. were walking to school when appellant asked to see the BB gun which D.M.B. was carrying. Appellant asked D.M.B. if the gun was loaded and D.M.B. answered affirmatively, despite his belief that it was not. Appellant then aimed the gun at E.K. and pulled the trigger. D.M.B. testified that he did not hear the gun fire or see a BB exit the gun. Notwithstanding, E.K. began chasing appellant and D.M.B. and the two boys ran away.

C.B. witnessed the incident and testified that he saw appellant point the BB gun at E.K. Although he did not see appellant fire the gun, he heard something which sounded like a rock hit the side of the house where he was standing. C.B. further testified that appellant and E.K. had gotten into a scuffle earlier in the day.

D.M.B. testified that he did not own the BB gun, but that he had fired it the day before the incident. Although the gun was not very powerful and displayed some mechanical problems, the evidence clearly revealed that it was capable of firing a BB.

The gun was not introduced into evidence and the alleged victim did not testify at the proceeding.

■ On appeal, appellant asserts *inter alia* that the evidence was insufficient to sustain the district court's order. We find that the allegation of Assault With a Dangerous Weapon was supported beyond a reasonable doubt by the evidence introduced at the hearing. *See In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Matter of J.E.S.*, 585 P.2d 382, 383 (Okl.Cr.1978). However, such is not the only finding required of a district court in reaching a decision on adjudication. Before a court may sustain a petition alleging delinquency, the court must not only decide whether the evidence is sufficient to support the allegations, but must also determine whether "it is in the best interest of the child and the public that he be made a ward of the court...." 10 O.S.Supp.1990, § 1114. *See also Matter of Christina T.*, 590 P.2d 189, 192 (Okla.1979). These two distinct elements are mandatory and the State bears the burden of proving both.

■ After carefully reviewing the transcript of the adjudicatory hearing, it is clear that no evidence was introduced regarding the interests of either appellant or the public. Because the second element mandated by Section 1114 was not supported by any evidence, we must hold that the district court abused its discretion in adjudicating appellant a delinquent child.

Accordingly, the order of the district court is REVERSED and REMANDED for further proceedings consistent with this Opinion.

LANE, P.J., LUMPKIN, V.P.J., and BRETT and JOHNSON, JJ., concur.

1. Despite this Court's order, a dispositional hearing (10 O.S.1981, § 1115) in this cause was held in Grady County District Court Case No. JFJ–91–64 on October 1, 1991.