Read, Judge.
The single question in this case, is, whether the defendants can be sued jointly.
When several persons execute an instrument, in parol or under seal, upon the same consideration, at the same time, and for the same purpose, and taking effect from a single delivery, they are, in legal effect, joint contractors or obligors. The *fact that some may have exe- [168 euted it as sureties does not affect the joint nature of the contract or obligation, but is mere evidence of the position of the makers among themselves, and protects the security in such advantage as the law bestows upon that relation. The particular form or manner in which the parties have affixed their signatures to a contract or bond is immaterial. It matters not whether those who execute as sureties sign their names directly under that of the principal, and then append to each name the fact of the signing merely as surety, or, whether, as in this instance, the sureties write between their names and that of the principals; that they sign as securities, and then affix signatures.
In the case of Hunt’s Administrator v. Adams, 5 Mass. 358, a note executed in the precise form of this bond was held, by Chief Justice Parsons, to be joint. In the case of Bright v. Carpenter and Shuer, 9 Ohio, 139, the principle is recognized, that it matters not on what part of a note a person may sign his name, if it be connected with the original execution, he may be treated as a maker. In Morris v. Bird, 11 Mass. 436, it is held, that if a person sign a note after its execution by the principal, if it was understood at the time of making the nóte that such person was to sign it, and the acceptance of the note was in consideration of such signing, he will be held as a joint maker.
The principle to be extracted from all the cases, is, that parties connected with the original execution and delivery of a bond, note, or other written instrument, are, in law, unless it be otherwise clearly expressed, joint makers or obligors
*169 In the case under consideration, the bond was executed at the same time, upon the same consideration, and for the same purpose, and ■with one delivery. There is but one execution, a single covenant, and one entire breach. All covenanted to save Stage, harmless, from further claim from the Ohio Life Insurance and Trust Company. They united in the execution and delivery of the bond, and the law will not sever them in the breach, but hold them jointly responsible for its performance. The demurrer must be overruled.
Judgment for plaintiff.