Johnson, Chief Judge.
The plaintiffs allege that these proceedings were no bar to their right to redeem.
It is an elementary principle that no man’s rights should be adjudged until he has had his day in court.
When judgment is authorized by statute, upon constructive service, the statutory method of acquiring jurisdictions should be substantially followed, or the person is not bound.. This substitute for personal service arises out of the necessity of the case, and should be complied with to give-jurisdiction over the property seized.
From this record it appears, that on the 8th day of February, 1865, Biehler, as an attaching creditor, commenced an action against Henry Endel, father of plaintiffs, then living, in which Lauer, his mortgagee, was also coupled as a defendant. Two causes of action are stated in the petition against Endel alone, one upon a note made in California, bearing a special rate of interest, for $160, and the other on an open account.
In addition to the averments proper to state these causes-of action, the petition also alleges that Endel is a non-resident of Ohio, upon whom service can not be made in this- *267 state ; that he owned the lot in controversy in the county,, and that the defendant Lauer had some interest in it.
These averments were properly no part of the petition. It is verified upon belief merely.
There are numerous errors and 'irregularities in this re cord, for which it would be reversed, but we will only notice those which we regard as affecting the jurisdiction of the court, to make a valid sale of the property.
1. There was no personal service, nor was there any foundation laid for constructive service.
In an attachment proceeding, which is ancillary to the-action, where personal service can not be made, service by publication can not be made, unless an attachment is lawfully issued and property taken under it, or reached by garnishee process, which the court may act on, and no attachment can issue without the requisite affidavit.
Section 192 of the civil code requires, that before the writ issue, an affidavit must be filed, showing the nature of the-plaintiff’s claim, that it is just, the amount affiant believes he should recover, and the existence of some one, at least,, of the specified grounds for an attachment.
No affidavit was filed, and unless the petition can be looked to, and found to supply this important omission, the writ was void, and no -jurisdiction was acquired by a seizure of the land under it, and if no valid seizure was made, no service by publication could be made.
In Harrison v. King, 9 Ohio St. 388, it was held that the-affidavit and order of attachment formed no part of the-pleadings, and that the grounds for an attachment should not he stated in the petition. "We may assume, however, as was.held in 17 B. Mon. 321, that if the petition contains all the showing necessary in an affidavit, and is properly verified, the omission would be cured, without so deciding, as an examination of the record shows it is fatally defective, as an affidavit for an attachment. The petition, or rather the surplus allegations thereof, do not purport to follow the requirements of section 192 of the code.
There is no statement that the claims sued on are just— *268 .-a very essential feature of an affidavit — nor of the amount affiant believes he ought to recover. The allegation in the petition, of the amounts due on the note and account, sworn to on belief only, is not a showing that the claims .are just. The petition only shows that he believes there is so much due on, the note and account, but whether they are just claims in his favor, which he truthfully believes he .should recover, is not shown. Dunlevy v. Swartz, 17 Ohio St. 640; Garner v. White, 23 Ohio St. 192.
Without noticing the other defects apparent on the record, such as the omission of an affidavit for publication, •as required by section 71 of the code, or that the notice .published was defective, in not stating the court in which the case was pending, and in not stating a summary of the •object of the petition, and in being misleading as to the nature of the causes of action and amount sued for, we think the fact that there was not the requisite affidavits to authorize the issuing of the attachment, renders all subsequent proceedings under it void.
2. It only remains to inquire if the court acquired juris■diction to make this sale, under the cross-petition of John Lauer, who was joined as a defendant.
He was served, and filed a cross-petition, setting up a mortgage made by Henry Endel, the condition of which 'had been broken, and asking for a foreclosure. He was in no sense a proper party to the causes of action stated in the petition. They were for a money judgment against Endel alone. Until judgment was rendered thereon against Endel, and levied on the land mortgaged to him, or sought to be sold upon final judgment in attachment, the controversy could not affect his interests in the land, and he had no interest in the action itself. The petition averred that Lauer had some interest in the property that was afterward attached, as the reason for making him a defendant.
By section 84 of the code, “ any defendant, who is properly made a defendant, may claim, in his answer, relief touching the matters in question in the petition, against the plaintiff, or against other defendants in the same action.”
*269 In Harrison v. King, 9 Ohio State, 383, and in Ward v. Howard, 12 Ohio St. 158, the principle is settled that other attaching creditors can not become defendants in a prior-attachment, for the purpose of asserting their claims against the property, as they are not proper parties.
Eor the reasons assigned in these eases, the mortgagee is not a proper party defendant, in an attachment of the; property subject to his mortgage. As was then said, his. interest is connected with the special proceedings in attachment, and not with the matters stated in the petition. Hillier v. Stewart et al., 26 Ohio St. 652, is also in point, and decisive.
Again, it is a fundamental rule in equity that it will not entertain a bill for relief, in an action at law, until the legal remedy is exhausted. Biehler’s action was one at law. Until after judgment at law, and a failure to make the-money under his attachment, or upon execution, he had no right to compel the mortgagee to foreclose his mortgage, so that he might reach the mortgagor’s equity of redemption.
3. But, assuming that we are in error in this, and that Lauer, as mortgagee, could be made a party, and his-mortgage foreclosed in the attachment suit, still the proceedings on this cross-petition were fatally defective. As. the court acquired no jurisdiction over the property, by by the attachment, none could be acquired under the cross-petition, unless the proper steps were taken, as in an independent action to foreclose his mortgage. Service by publication was a condition precedent to foreclosure, the mortgagor not being before the court already. His cross-petition was not filed until April 4, 1865. The notice was first published March 7,1865, and for six consecutive weeks thereafter, so that four of those publications were prior to the commencement of his cross-action, and Endel was notified to answer in three weeks (April 25) after it was filed.
The statute authorizing constructive service is in derogation of common right, and should be pursued substantially,.
*270 No service could be complete, until six consecutive publications, and a judgment of foreclosure, before such service, where there was no personal service, rendered the order of foreclosure and sale unauthorized, and ineffectual to bar the equity of redemption.
Some question has been made as to the right of Leibrock, who holds under the sheriff’s deed, made under these proceedings, which we have held are no bar to plaintiffs’ right to redeem, to be subrogated to .the mortgagee, and the attaching creditor, for the amount of purchase-money paid -at the sheriff’s sale, which was applied to the satisfaction •of the mortgage and the claims of the attaching creditor.
His right to be subrogated to the mortgagee is conceded ■by plaintiffs, to the extent of the amount due thereon. As '■to this there is no controversy.
The act for the protection of purchasers at judicial sales ■(2 S. & C. 1149), provides, that in case of any sale of property on execution, the title of the purchaser shall be invalid by reason of a defect in the proceedings, the purchaser may, in equity, be subrogated to the right of the •creditor, against the debtor, to the extent that the money •paid and applied to the debtor’s benefit, and to the same extent shall have a lien on the property sold, as against all persons except bona fide purchasers, without notice. By .section 2 of that act, this right extends to all sales by order -of court, sales by executors, administrators, and guardians, and to sales for taxes.
Speaking for myself, I think this provision includes the •case before us, and that Leibrock is entitled- to be subrogated to Biehler to the amount that the purchase money went to pay a debt owing to him by Endel, but as it is perhaps premature to decide this question, it has not been passed upon.

Judgment reversed and cause remanded.