Johnson, J.
Do the facts stated in the reply show, as matter of law, that Seibert acquired a priority by seizure of the property on the 15th of October ?
The attachment was issued and served some six or seven hours before a petition was filed. There was an affidavit and bond filed about 11 o’clock, a. m., and writ then issued. It was served by the seizure of a stock of goods, and the writ returned by 3 o’clock, p. m. The petition was filed about 6 o’clock, p. m., of the same day.
“ The plaintiff in a cioil action, for the recovery of money, may, at or after the commencement thereof, have an attachment against the property of the defendant, and upon the grounds herein stated.” Civil Code, § 191; Rev. Stat. •§ 5521.
“ An order of attachment shall be made by the clerk of the court in which the action is brought, in any case mentioned in the preceding section, when there is filed an affidavit of the plaintiff, his agent or attorney, showing,” etc. Civil Code, § 192; Rev. Stat., § 5522.
Section 193 requires a bond by the plaintiff to the defendant, except in case the defendant is a non-resident or a foreign corporation.
By section 196, the return day of the order of attachment, when issued at the commencement of the action, shall be the same as the summons; when issued afterward it shall be returned twenty days after it issued.
“ A civil action must be commenced by filing in the office of the clerk of the proper coui’t a petition, and causing a summons to be issued thereon.” Civil Code, § 55; Rev. 'Stat., § 5035.
The plaintiff must also file with the clerk a precipe, •stating the names of the parties to the action, and demanding a summons.
From these provisions and others found in the chapter on attachment, we are to determine whether Seibert obtained a priority by his attachment, or whether, as against the other liens, it is null and void.
Unlike the attachment laws formerly in force, the code *665 ■rewards the diligent creditor by giving priority to the order first delivered to the officer. This being in derogation of the equitable principle, that the assets of an insolvent debtor should be equally distributed among his creditors, it is but just that the party asserting such priority should clearly show that he has established the right given by the statute.
The record shows this to have been a race between creditors of an absconding debtor who did not have property sufficient to satisfy all the claims upon it. The plaintiffs were lienholders by attachment and by a chattel mortgage. After judgments in the several actions in which attachments had been sued out, the action was commenced to determine priorities among the several lienholders. These plaintiffs can not take advantage of any mere irregularity or informality in Seibert’s attachment, for the purpose of defeating his priority; but they may show that his attachment was issued without authority of law, and thereby defeat it. Ward v. Howard, 12 Ohio St. 158.
No action was, in fact, commenced by the filing of a petition, until some three or four hours after the order of attachment was served and returned.
The statute does not authorize an attachment except in an action, and the clerk of the court has' no authority to issue the order of attachment until an action is brought, and the relation of plaintiff and defendant is established in the case.
An action is commenced or brought, within the meaning of sections 192 and 193, by the filing of a petition and causing a summons to issue thereon. Code, § 55. Until then there is no action in which an attachment can issue. It is a remedy auxiliary to an action for a money judgment. It is a writ in aid of the plaintiff, granted in certain cases before he could have execution. Without an action there is no foundation for this auxiliary proceeding. Nor do we think that the subsequent commencement of an action, though on the same day, cures this defect. The order of .attachment being issued by the clerk of the court before .action brought, was unauthorized arid void, and the subsej *666 quent commencement of an action, although on the same day, could not vitalize it so as to give it priority over other valid liens.
This conclusion is supported by the following cases in point. Pope v. Hibernia Ins. Co., 24 Ohio St. 481; Endel v. Leibrock, 33 Ohio St. 254; Kerr v. Mount, 28 N. Y. 659; Waffer v. Goble, 53 Barb. 517; Kelley v. Strayer, 15 Hun. 97.

Judgment of the district court affirmed.