Smith, J.
Two questions are presented by the record in this case, viz:
1st. "Whether, under the provisions of the Rev. Stats. 5521, that “in a civil action for the recovery of money, the plaintiff may, at or after the commencement thereof, have an attachment against the property of the defendant upon the grounds herein stated,” one of which is that the defendant “is a non-resident of the state;” and another provision of which section is that, “an .attachment shall not be granted on the ground that the defendant is * * * a non-resident of the state for any claim other than a debt or demand arising upon contract, judgment or decree,” an attachment may properly issue in an action brought to recover damages for the breach of a contract of marriage, when the only ground alleged in the affidavit for the attachment is, that the defendant is a non-resident of the state. And.
2nd. Whether, on the evidence submitted on the motion to discharge the attachment cn the ground that the defendant was not a non-resident of the state, the finding of the court of common pleas, that he was a non-resident, was against the weight of the evidence.
As to the first ground, we are of the opinion that in such an action an attachment will lie on the ground that the defendant is a non-resident of the state; that it is a debt or demand arising upon contract. Unless there had been a contract between the parties, the action would not lie, and if there was such a contract and a breach of it by the defendant, it would lie. It is true that the amount of damages to be recovered would be estimated on rules and principles differing from those recoverable on ordinary contracts, and more like those applying to actions of tort. But nevertheless, the claim is one arising upon contract, and, we think, comes clearly within the letter and spirit of our *298 statute. As stated by Judge Grholson in deciding the case of Ward v. Howard, 12 Ohio St. 158, at 163. “It is obvious that an intention is manifested to extend the remedy by attachment',and that in no stinted degree.”
In the case of Caldwell v. Spillman (7 W. Law Journal, 149) decided by the supreme court of Ohio, on the circuit, Judges Hitchcock and Caldwell presiding, this direct question arose under the statute then in force, differing, as we conceive, in no substantial degree from that now in force.
Judge Hitchcock, in deciding the case said,
“Formerly the writ of attachment could be sued out in all cases of tort as well as of contract, but the legislature has now confined it to cases‘arising out of, founded upon, or sounding in contract. ’ A remedy is given by attachment under the present statute in all cases where the form of the action is contract, as contra-distinguished from tort. In a breach of promise of marriage the form of the suit is for a breach of the contract, and the writ of attachment is as plainly applicable to cases of that description as to cases of debt for the non-payment of money, or of damages for the breach of any other contract.”
It is true that the contrary doctrine was held by Judge Tilden in special term of the superior court, 1 Bulletin 341, and this .decision was affirmed by the general term,2 Bulletin, 4; but we are of the opinion' that the doctrine announced by the supreme court on the circuit is the better law.
We think that the view we have expressed is supported by the decision of the supreme court in the case of R. R. Co. v. Peoples, 31 Ohio St. 537. In that case the plaintiff below, Peoples, brought an action against the R. R. Co. to recover $30,000 as damages for a personal injury to herself, based on this state of facts: That for a certain reward paid by her she became a passenger on the train of the defendant company, and that defendant thereby agreed to carry her safely to her destination, and was bound to *299 furnish her suitable and proper means to enter the car, and to stop the train a sufficient time to allow her to enter the same, and failed to do so, and acted so carelessly, that as she was getting upon the train, it was started, and she was thrown down and seriously injured.
An attachment was issued on the ground that the defendant company was a foreign corporation, A motion was filed to dismiss the attachment, on the ground that the action was not founded upon a debt or demand arising on contract. The court of common pleas sustained the motion, but its order was reversed by the district court, and its judgment of reversal was upheld by the supreme court.
The supreme court held that the suit was upon the contract, as it might well be, and said that, “while the form of the action does not materially affect or vary the character of the evidence necessary to establish the liability of the carrier, there is no doubt that the cause of action in the present case arises upon contract-within the meaning of the above provision of the code,” viz., the attachment provision.
In this case, as in that, the action is on the contract, and though thejamount of damages in each was unliquidated, and to be determined somewhat upon the same principles as in an actionjfor tort, yet this is no reason why the action is not one arising on contract, and an attachment will lie.
It was also|held in 40 Ohio St. 107, in the case of McVeigh v. Ritenoúr, where a man liable to a suit for a breach .of promise to marry, sold property, (a house and lot)., without consideration to a third person to prevent the collection of the damages^by^the woman whom he had promised to marry; and she afterwards brought suit and recovered damages against him for the breach for the marriage contract, the court held that at the time of such conveyance, she was a creditorjof the grantor, and that the deed was void as to her, and the land was subject to levy and sale under her *300 judgment. A creditor is one who has the right to require the fulfillment of an obligation or contract.
Oultealt & Granger, for Plaintiff in Error.
Wedon D. Neal, for Defendant in Error,
2nd, While it is certainly true that the evidence,submitted to the trial court as to whether the defendant at the time of the commencement of the attachment proceedings and the service of the writ upon him, was a non-resident of the state of Ohio, was conflicting in its character, yet we are not able to say that the finding of the court that he was an non-resident, was so clearly against the weight of the evidence as to justify us in reversing it upon that ground.
The judgment of the court of common pleas overruling the motion to dismiss the attachment is therefore affirmed.