Bill HARVEY d/b/a Harvey Chevrolet and
Buick Company, Plaintiff in Error,

v.

W. E. HALL, Defendant in Error.

No. 42884.

Supreme Court of Oklahoma.

May 12, 1970.

Rehearing Denied July 14, 1970.

Merline Bonner, Atoka, Rainey & Barksdale, by D. F. Rainey, Okmulgee, for plaintiff in error.

Pat Phelps, Durant, for defendant in error.

BERRY, Vice Chief Justice.

In the course of a motor vehicle sales transaction plaintiff below, W. E. Hall, was placed in possession of a new pickup by defendant Harvey, d/b/a Harvey Chevrolet and Buick Company. In default of payment defendant peaceably regained possession of the vehicle. Plaintiff sued in replevin, and defendant thereupon executed redelivery bond and retained possession of the vehicle, which subsequently was sold at a loss. The cause was tried to the court and judgment awarded plaintiff for possession of the pickup (or an equivalent new pickup) or alternatively money judgment upon redelivery bond.

Plaintiff in error timely filed brief March 14, 1968. Defendant in error sought and obtained extensions of time to file answer brief, which expired April 19, 1969. On February 20, 1970, this cause was ordered to stand upon brief of plaintiff in error, unless defendant in error filed answer brief on or before March 12, 1970. Answer brief has not been filed, and such omission has not been excused by this Court. Under such circumstances the following

912

syllabus rule stated in State ex rel. Sprague v. One Pin Ball Machine, etc., 203 Okl. 652, 225 P.2d 369, has been applied:

"Where plaintiff in error has served and filed brief but the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained but may, where the authorities in the brief filed appear reasonably to sustain the assignments of error, reverse the cause with directions."

This judgment is reversed and the cause remanded to the trial court with directions to vacate the judgment, and enter judgment for plaintiff in error for 1957 Buick, or value, deficiency judgment in amount of $169.00, interest, costs and attorney's fee.

All Justices concur.