In the Matter of Lora Lynn MILLER a Child Alleged to be Deprived.

Quanah MILLER and Paula Miller, Husband and Wife, Appellants,

v.

The STATE of Oklahoma, ex rel., DEPARTMENT OF HUMAN SERVICES, Appellee.

No. 82633.

Court of Appeals of Oklahoma, Division No. 1.

April 12, 1994.

Rehearing Denied May 17, 1994.

Earnest A Bedford, Tulsa, for appellants.

MEMORANDUM OPINION

JONES, Presiding Judge:

This appeal comes before this court on Appellants' brief only. We recognize that generally, where no answer brief is filed, and the omission is unexcused, the appellate courts are under no duty to search the record for some theory to sustain the trial court's judgment, and on appeal, will ordinarily, where the brief in chief is reasonably supportive of the allegations of error, reverse the judgment and remand for further proceedings. See, e.g., *Sneed v. Sneed,* 585 P.2d 1363 (Okla.1978); *Harvey v. Hall,* 471 P.2d 911 (Okla.1970). However, it is equally well-settled that reversal is not automatic for failure to file an answer brief. See, e.g., *Hamid v. Sew Original,* 645 P.2d 496 (Okla. 1982).

This action was brought to declare the minor deprived on the basis of the failure of the parents to visit with the child and participate in family counseling while in the custody of the Department by reason of a previous finding the child was a child in need of treatment under 10 O.S. 1101(5) in 1991 by reason of the child's suffering from severe depression. Title 10 O.S.1991 § 1101(5) was substantially changed effective July 1, 1993, and the child was no longer suffering from the depression when this petition was filed June 23, 1993. The State's motion for summary judgment recites that the refusal of Quanah and Paula Miller to participate in family counseling has deprived Lora Lynn Miller of necessary medical treatment as a matter of law, and therefore she is a deprived child as provided in 10 O.S. 1101(4).

The natural parents, Appellants here, requested a jury trial. The jury trial request was stricken when the State filed its motion for summary judgment. The summary judgment finding the minor to be deprived must be reversed. There exists one citation in Appellants' brief which necessitates this reversal. That case is *In the Matter of Christina T.*, 590 P.2d 189 (Okla.1979). The remainder of this opinion will deal with the teachings of that case, and the points of law here discussed are from that case. Summary judgment is simply not applicable to juvenile proceedings. The Oklahoma Supreme Court's past decisions make it absolutely clear that a hearing on a juvenile petition is *mandatory* see *In re Wright,* 524 P.2d 790 (Okla.1974); *York v. Halley,* 534 P.2d 363 (Okla.1975); *Matter of Schatz,* 560 P.2d 183 (Okla.1977) *Dexter v. Rakestraw,* 583 P.2d 504 (Okla.1978). Juvenile proceedings are not, and were never designed to be, the sort of proceeding capable of resolution upon a flurry of pleadings. No answer to the petition is required, 10 O.S.1991 § 1103.1. The petition is deemed controverted in all respects upon its filing because the legal presumption is that the best interests of the children are served by their parents. See e.g. *Prince v. Massachusetts,* 321 U.S. 158, 64 S.Ct. 438, 88 L.Ed. 645 (1944). The purpose of summary judgment is to avoid a useless trial and in a proper case it can be granted only when no substantial controversy exists as to material facts of issues and the moving party is entitled to judgment as a matter of law. The very nature of juvenile proceedings renders the whole concept of summary judgement inappropriate and impermissible. *Christina, supra,* even makes an observation that may not be aptly applied to this case, but it indicates the robust nature of the holding in that case:

> It may be true that appellant will not be able to prevail in this action after evidence and testimony are presented. It may even be true that most parents in appellant's situation would be unable to defeat a proceeding brought to declare their children wards of the court; but that opportunity Must be afforded.

Accordingly, the summary judgment must be, and is, reversed and the cause is remanded for proceedings not inconsistent with the views expressed herein.

**REVERSED AND REMANDED**

HANSEN and ADAMS, JJ., concur.