STATE v. ARRINGTON



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE v. ARRINGTON

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE v. ARRINGTON
2018 OK CIV APP 58
Case Number: No.115392
Decided: 08/30/2018
Mandate Issued: 09/26/2018
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2018 OK CIV APP 58, __ P.3d __

 



STATE OF OKLAHOMA, Plaintiff/Appellee,
v.
STEVEN JEROME ARRINGTON, Defendant/Appellant.





APPEAL FROM THE DISTRICT COURT OF
STEPHENS COUNTY, OKLAHOMA


HONORABLE KEN GRAHAM, JUDGE





REVERSED





Heather J. Russell Cooper, Office of District Attorney, Ardmore, Oklahoma, for Appellee,


David W. Hammond, Jeffrey K. Archer, Hammond, Archer & Kee, P.L.L.C., Duncan, Oklahoma, for Appellant.







Larry Joplin, Judge:



¶1 Defendant/Appellant Steven Jerome Arrington (Defendant) seeks review of the trial court's order revoking his license as a private process server. In this appeal, Defendant complains the trial court revoked his license absent the filing of a petition to revoke filed by the district attorney or attorney general as required by 12 O.S. §158.1(H). This appeal stands submitted on the brief of Defendant/Appellant only.


¶2 Defendant entered a plea of no contest to the charge of sexual battery. Defendant received a five-year deferred sentence and was ordered to perform community service and pay a fine and costs.


¶3 On its own motion, the trial court then entered an "administrative" order revoking Defendant's license as a private process server. The trial court's order provided that any party aggrieved could seek a "show cause" hearing. Defendant requested a hearing.


¶4 At the hearing, Defendant presented the testimony of his probation officer, who testified Defendant had complied with all terms of his continuing probation. Defendant presented two letters from former clients establishing his satisfactory service of process for them. Defendant argued that his license could be revoked only on a petition filed by the district attorney or attorney general as required by 12 O.S. §158.1(H).


¶5 The trial court held that §158.1(E) authorized the presiding judge, associate district judge or district judge of the county to deny an application for process server license, and reasoned this authority extended to permit the sua sponte revocation of Defendant's license. The trial court consequently confirmed its earlier order to revoke Defendant's private process server license.


¶6 As we have previously noted, this appeal stands submitted on Defendant/Appellant's brief only. Generally, where no answer brief is filed, and the omission is unexcused, the appellate courts are under no duty to search the record for some theory to sustain the trial court's judgment, and on appeal, will ordinarily, where the brief in chief is reasonably supportive of the allegations of error, reverse the judgment and remand for further proceedings. See, e.g., Sneed v. Sneed, 1978 OK 138, 585 P.2d 1363; Harvey v. Hall, 1970 OK 92, 471 P.2d 911. However, it is equally well-settled that reversal is not automatic for failure to file an answer brief. See, e.g., Hamid v. Sew Original, 1982 OK 46, 645 P.2d 496.


¶7 This case presents an issue of statutory construction. Issues of statutory construction present a "question of law that we review de novo and over which we exercise plenary, independent and non-deferential authority." Stump v. Cheek, 2007 OK 97, ¶9, 179 P.3d 606, 609. (Emphasis original.) (Footnotes omitted.) "The primary goal of statutory construction is to ascertain and follow the intent of the legislature," and "[t]he words of a statute will be given their plain and ordinary meaning unless it is contrary to the purpose and intent of the statute when considered as a whole." Id.


¶8 Concerning the issuance and revocation of a private process server's license, §158.1 provides:

B. Any person who is:

1. Eighteen (18) years of age or older;
2. Of good moral character;
3. Found ethically and mentally fit;
4. A resident of the State of Oklahoma for a period of not less than six (6) months; and
5. A resident of the county or judicial administrative district in which the application is submitted for a period of not less than thirty (30) days, may obtain a license by filing an application with the court clerk on a verified form to be prescribed by the Administrative Office of the Courts.



. . .




E. If, at the time of consideration of the application or renewal, there are no protests and the applicant appears qualified, the application for the license shall be granted by the presiding judge or such associate district judge or district judge as is designated by the presiding judge . . . . If, at the time of consideration of the application for the license, the presiding judge, associate district judge or district judge as is designated by the presiding judge determines that the applicant does not meet all of the qualifications necessary for a license, the applicant shall be prohibited from reapplying for a license to serve process for a period of not less than one (1) year from the date of denial.


F. If any citizen of this state files a written protest setting forth objections to the licensing of the applicant, the district court clerk shall so advise the presiding judge or such associate district judge or district judge as is designated by the presiding judge, who shall set a later date for hearing of application and protest. The hearing shall be held within sixty (60) days and after notice to all persons known to be interested.




. . .




H. The district attorney of the county wherein a license authorized under this act has been issued or the Attorney General may file a petition in the district court to revoke the license issued to any licensee, as authorized pursuant to the provisions of this section, alleging the violation by the licensee of any of the provisions of the law. After at least thirty (30) days' notice by certified mail to the licensee, the chief or presiding judge, sitting without jury, shall hear the petition and enter an order thereon. If the license is revoked, the licensee shall not be permitted to reapply for a license for a period of five (5) years from the date of revocation. Notwithstanding any other provision of this section, any licensee whose license has been revoked one time shall pay the sum of One Thousand Dollars ($1,000.00) as a renewal fee.



¶9 From our reading of §158.1, control over the issuance and renewal of the license of a private process server is bestowed on the district court, whether the presiding judge, associate district judge or district judge as the case may be. 12 O.S. §158.1(E). That is to say, if, at the time of the initial application for a license, or at the time of an application to renew a license, the district court determines the applicant does not possess the "qualifications necessary" for a private process server, the district court may deny the application or renewal. Id.


¶10 Against this section, §158.1(H) specifies that an action to revoke the license of a private process server be commenced by the filing of a petition to revoke by either the district attorney or the attorney general. Construing §158.1(E) and (H) together, it appears plain to us that while the district court controls the issuance or renewal of a private process server's license, the district court also controls the revocation of a private process server's license.


¶11 However, by the terms of §158.1(H), the Legislature plainly anticipated that, after the initial issuance of a private process server's license, the subsequent renewal of a private process server's license or the denial of a private process server's license, an action to revoke the license of a private process server would be commenced on a petition filed by the district attorney or attorney general. To afford the licensee his right to due process notice of the potential loss of his license, §158.1(H) requires that notice of the commencement of the action be given to the licensee, and that, within thirty days of the date of filing of the petition to revoke, the trial court hold a hearing on the merits of the petition to revoke. Section 158.1(H) embodies the due process guarantee that the affected person receive notice of the action pending against him or her, and advance notice of the time and place of hearing where he or she might advance a defense. See, e.g., Booth v. McKnight, 2003 OK 49, ¶¶18, 20-21, 70 P.3d 855, 862.


¶12 This appeal is submitted on Defendant/Appellant's brief only, and we find his brief reasonably supportive of his allegation of error. In the present case, Defendant was afforded no notice of the potential loss of his license by the filing of a petition to revoke by either the district attorney or the attorney general. Absent such notice of the commencement of an action to revoke his license, the trial court erred in revoking Defendant's private process server's license.


¶13 The order of the trial court is REVERSED.




BELL, P.J., and BUETTNER, J., concur.







 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1970 OK 92, 471 P.2d 911, HARVEY v. HALL
Discussed
 2003 OK 49, 70 P.3d 855, BOOTH v. McKNIGHT
Discussed
 2007 OK 97, 179 P.3d 606, STUMP v. CHEEK
Discussed
 1978 OK 138, 585 P.2d 1363, SNEED v. SNEED
Discussed
 1982 OK 46, 645 P.2d 496, Hamid v. Sew Original
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 158.1, Licensure of Private Process Server - Revocation - List of Servers
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA